**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| YAHAYA MARWAN, | : | |
| Petitioner, | : | Civ. No. 16-9344 (KM) |
| | : | |
| v. | : | |
| | : | |
| CHARLES GREEN, | : | **OPINION** |
| | : | |
| Respondent. | : | |

**KEVIN MCNULTY, U.S.D.J.**

### I.    INTRODUCTION

Until February 9, 2017, the petitioner, Yahaya Marwan, was an immigration detainee. Mr. Marwan is proceeding *pro se* with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petition challenges his immigration detention. For the following reasons, the habeas petition will be denied as moot.

### II.    BACKGROUND

Mr. Marwan is a native and citizen of Ghana. He entered the United States in August, 2015. In August, 2015, Mr. Marwan was placed into immigration detention. In March, 2016, an Immigration Judge ("IJ") ordered Mr. Marwan removed from the United States. Mr. Marwan waived his right to appeal that order to the Board of Immigration Appeals "(BIA").

Mr. Marwan filed this federal habeas petition in December, 2016. On February 22, 2017, respondent filed a letter in response to Mr. Marwan's habeas petition. The government asserts in that letter that the habeas petition should now be denied as moot because Mr. Marwan was removed from the United States on February 9, 2017.

## III.   DISCUSSION

As a general matter, in *Zadvydas v. Davis*, 533 U.S. 678 (2001), the United States Supreme Court held that § 1231(a)(6)[1] "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention." 533 U.S. at 689. To state a habeas claim under § 2241, the petitioner must provide facts showing good reason to believe that there is no reasonable likelihood of his actual removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 701.

Mr. Marwan is no longer in immigration detention as he was removed from the United States on February 9, 2017. The government has provided documentation to support its claim that Mr. Marwan was removed by attaching a copy of the ICE-205 form. (*See* Dkt. No. 5-1 at p.2-3) Thus, Mr. Marwan has received the relief he seeks in his habeas petition: cessation of immigration detention. Because he has been removed from the United States, there is no likelihood that he will be placed in immigration detention again. Accordingly, his habeas petition seeking his release from immigration detention is moot as he "has achieved the result he sought in his habeas petition and his change in circumstances has 'forestalled any occasion for meaningful relief.'" *Nunes v. Decker*, 480 F. App'x 173, 175 (3d Cir. 2012) (quoting *Artway v. Att'y Gen.*, 81 F.3d 1235, 1246 (3d Cir. 1996)) (other citation omitted); *see also Lindaastuty v.*

---

[1] Section 1231(a)(6) states as follows:

> An alien ordered removed who is inadmissible under Section 1182 of this title, removable under section 1227(a)(1)(C), 1227(a)(2), or 1227(a)(4) of this title who has been determined by the Attorney General to be a risk to the community or unlikely to comply with the order of removal, may be detained beyond the removal period, and if released, shall be subject to the terms of supervision in paragraph (3).

8 U.S.C. § 1231(a)(6).

*Attorney General of United States*, 186 F. App'x 294, 296 (3d Cir. 2006) (habeas petition challenging immigration detention is moot due to deportation from the United States); *Tjandra v. Ashcroft*, 110 F. App'x 290 (3d Cir. 2004) (finding appeal from denial of habeas petition that challenged immigration custody while petition for review was pending moot in light of petitioner's removal from the United States); *Pinoth v. Holder*, No. 14-1803, 2015 WL 2015 WL 404489, at *1 (M.D. Pa. Jan. 29, 2015) (denying habeas petition that raised *Zadvydas* claim as moot where petitioner was removed from the United States); *Nguyen v. Holder*, No. 13-0838, 2013 WL 5728671, at *1-2 (M.D. Pa. Oct. 22, 2013) (same).

## IV.    CONCLUSION

For the foregoing reasons, the habeas petition will be denied as moot. An appropriate order will be entered.

DATED:  February 23, 2017

KEVIN MCNULTY
United States District Judge

3